IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 AUG 22 A 8: 28

CLERK _____
SO. DIST. OF GA.

ANTHONY JONES, JR., )
)
Petitioner, )
)
v. ) CV 312-054
)
DENNIS BROWN, Warden, and SAMUEL )
S. OLENS, Attorney General of the State of )
Georgia,[1] )
)
Respondents. )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254.[2] The

---

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect that Respondent Brown is the Warden of Augusta State Medical Prison ("ASMP") and that Petitioner has named Attorney General Olens as a Respondent in this action, consistent with the captions of the petition and this Order. (Doc. no. 1, p. 1.) The Court is aware that Petitioner subsequently filed two documents naming "Security: Augusta State Medical Prison- Lieutenant Bussy, CERT Team and Officer King," and "Officer Young (CERT Team)" as "Respondents"; both of these documents were filed together by the Clerk of Court under one heading of "AMENDED DOCUMENT." (See doc. no. 7.) Notably, however, these documents appear to detail on-going problems Petitioner is having with prison staff at ASMP, all of which appear to be in the nature of attempts to bring a civil rights claim under 42 U.S.C. § 1983, not a habeas corpus claim as raised in the original petition. Accordingly, the Court will proceed to screen the original petition. However, the **CLERK** is **DIRECTED** to include a standard form complaint used by incarcerated litigants in the Southern District of Georgia, as well as a blank motion to proceed *in forma pauperis*, with Petitioner's service copy of the Report and Recommendation. Should Petitioner wish to pursue a civil rights claim against prison officials at ASMP, he must commence a separate civil rights case; he should not file unrelated documents in the above-captioned habeas corpus case.

[2] Petitioner initially brought this action in the United States District Court for the Middle District of Georgia, which transferred the petition to this District because it involved a challenge to convictions in the Superior Court of Laurens County. (Doc. no. 4.)

petition is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[3] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2),[4] that the instant petition be **DISMISSED**, and that this civil action be **CLOSED**.

I.     **BACKGROUND**

According to Petitioner, in October of 2006, he entered a nolo contendere plea to charges of burglary, simple battery, possession with intent to distribute marijuana, and another unspecified drug offense in the Superior Court of Laurens County, Georgia. (Doc. no. 1, pp. 2-3.) Petitioner appears to report that he was sentenced to a 10-year term of imprisonment. (Id. at 4.) Petitioner did not file a direct appeal.[5] However, he filed a "Petition of Modification" and a state habeas petition in the Superior Court of Laurens

---

[3]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[4]Of note, even if the instant petition were not subject to dismissal for the reasons set forth herein, Petitioner's motion to proceed *in forma pauperis* would nevertheless be subject to denial, as it lacks the requisite certification by an authorized prison official. (See doc. no. 2, pp. 2, 4.)

[5]In response to the question in the instant petition asking if Petitioner appealed from his convictions, he indicates that he did file such an appeal. (Doc. no. 1, p. 3.) However, in the subsequent question, which asks for information regarding the appeal, Petitioner states that he "appealed" by applying for habeas corpus relief in the Superior Court of Laurens County. (Id.) Therefore, it is apparent from the face of the petition that Petitioner did not file a direct appeal.

2

County; he states that there was no resolution with respect to his "Petition for Modification," and he appears to indicate that the state habeas petition was transferred in January of 2007. (Id. at 3.) He also states that he filed a state habeas petition and a "Motion [for a] Mental Evaluation" in the Superior Court of Muscogee County, and he appears to indicate that his Muscogee County state habeas petition was resolved in his favor in 2008 such that he was released for time served and permitted to serve the remainder of his 10-year sentence on probation. (See id. at 4.) Petitioner also states that he did not file an appeal with respect to any of these post-conviction petitions or motions.

Petitioner further indicates that he seeks to challenge a later conviction in the Superior Court of Laurens County for an unspecified violation of the Georgia Controlled Substances Act. (See id. at 3.) He does not provide the date of that conviction, but he states that it resulted in the revocation of his probation on his prior convictions and a 10-year sentence to run concurrently with his prior sentences. (See id. at 3-4.) Petitioner indicates that he did not file a direct appeal or apply for any form of post-conviction relief with respect to his later conviction. (See id.)

In the instant petition – which is dated May 25, 2012, and was submitted to and filed by the Clerk of Court on June 8, 2012 – Petitioner claims, *inter alia*, that his arrest involved unlawful searches and that he should have been held incompetent to stand trial. (See id. at 6.) Although it is not entirely clear, his claims appear to relate primarily to his later conviction for the unspecified violation of the Geogia Controlled Substances Act. (See id.)

## II. DISCUSSION

### A. Petitioner's Convictions from October of 2006 Are Time-Barred

To the extent that Petitioner attempts to challenge his convictions from October of 2006, his § 2254 petition is untimely.

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### 1. Finality of Petitioner's October 2006 Convictions

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the timeliness of his petition with respect to his October 2006 convictions is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his convictions in October of 2006, those convictions became "final" when the 30 day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). The finality of these convictions triggered the one-year statute of limitations for each conviction. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's convictions became final, at the latest, in November of 2006.

### 2. Application of the Statute of Limitations

As noted above, with respect to his October 2006 convictions, Petitioner had one year from November of 2006 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th

5

Cir. 2003). Here, Petitioner reports that the last of his state court post-conviction proceedings was resolved in 2008, over three years prior to the filing of the instant petition.[6] Therefore, he filed the instant petition well beyond the one-year statute of limitations period.

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As noted previously, Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

### 3. Equitable Tolling and Claims of Actual Innocence

Similarly, Petitioner has not shown that he is entitled to equitable tolling with regard to his October 2006 convictions. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549

---

[6]While he indicates that there was no resolution as to the post-conviction "Petition of Modification" that he filed in the Superior Court of Laurens County, he reports that he subsequently received a favorable resolution of his state habeas petition in 2008 (see doc. no. 1, pp. 3-4), which indicates that his earlier post-conviction motion was effectively resolved at that point.

6

U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above.[7] Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted

---

[7]While one of Petitioner's claims consists of an assertion that he lacked competency at the time of his convictions, he does not allege that any mental health issues prevented him from filing his § 2254 petition within the statutory limitations period. (See doc. no. 1, pp. 3-4.)

7

him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)); see also Rozzelle v. Fla. Dep't of Corr., 672 F.3d 1000, 1017 (11th Cir. 2012) (*per curiam*) ("To support a claim of actual innocence, a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'" (quoting Schlup, 513 U.S. at 327)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, the above-captioned petition was filed more than one year after Petitioner's October 2006 convictions became final, Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and Petitioner has neither satisfied the requirements for equitable tolling nor presented any arguments sufficient to support a claim of actual innocence. Therefore, as to Petitioner's 2006 convictions, the instant § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### B. The Instant § 2254 Petition Is Unexhausted with Respect to the Later Unspecified Violation of the Georgia Controlled Substances Act

To the extent that Petitioner seeks to challenge his conviction resulting from the unspecified violation of the Georgia Controlled Substances Act that resulted in a revocation

of probation for the 2006 convictions, Petitioner's § 2254 claims are unexhausted.

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of

9

his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[8] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-

---

[8]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[9]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[10]

---

[9]The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

[10]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). Petitioner has not presented any exhausted claims in the present petition with regard to the conviction resulting from the violation of the Georgia Controlled Substances Act; therefore, the stay and abeyance procedure is inapplicable.

11

Here, with respect to Petitioner's conviction resulting from his unspecified violation of the Georgia Controlled Substances Act, Petitioner indicates that he did not file a direct appeal or apply for any form of post-conviction relief. (Doc. no. 1, pp. 3-4.) Thus, Petitioner has not alleged the requisite exhaustion of his available state remedies as to that conviction. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to allege that he exhausted his available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice to the extent that Petitioner challenges the conviction resulting from his unspecified violation of the Georgia Controlled Substances Act.

### III. CONCLUSION

For these reasons, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that the petition be **DISMISSED**, as set forth above, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this __ day of August, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE