ORIGINAL
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 18 P 12: 31
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ANTHONY JONES, JR., )
)
Petitioner, )
)
v. ) CV 312-054
)
DENNIS BROWN, Warden, and SAMUEL )
S. OLENS, Attorney General of the State of )
Georgia, )
)
Respondents. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed *in forma pauperis* is deemed **MOOT** (doc. no. 2), and the instant petition filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set

forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action shall be **CLOSED**.

SO ORDERED this 18th day of September, 2012, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2